IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIUS FLEWELLEN** : | **CIVIL ACTION** |
| *Petitioner-pro se* : | |
| : | **NO. 13-7399** |
| v. : | |
| : | |
| **LOUIS FOLINO**, *et al.*, : | |
| *Respondents* : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    MARCH 5, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

On December 16, 2013, Petitioner Darius Flewellen ("Petitioner"), a state prisoner acting *pro se,* filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, [ECF 1], which was referred to Magistrate Judge Marilyn Heffley for a *Report and Recommendation* ("R&R") pursuant to 28 U.S.C § 636(b) and Local Civil Rule 72.1.IV(c). [ECF 10]. On August 7, 2014, Magistrate Judge Heffley issued an R&R pursuant to 28 U.S.C. §636(b)(1)(c), recommending that this Court dismiss the petition for a writ of *habeas corpus* as time-barred by the applicable one-year statute of limitations.[1] On September 11, 2014, Petitioner filed objections to the R&R, [ECF 21], to which Respondents responded on September 22, 2014. [ECF 22]. Petitioner filed an additional "traverse" response on November 26, 2014. [ECF 25]. Consequently, the issues presented have been fully briefed and are ripe for consideration.

---

[1]     On August 4, 2014, Petitioner filed a petition for a stay and abeyance, which was initially reviewed by Magistrate Judge Heffley. [ECF 12]. In the R&R submitted, Magistrate Judge Heffley provided a thorough analysis of the issues raised in the petition and recommended that the petition for a stay and abeyance be denied. In his objections, Petitioner provided no challenge to this recommendation. Having considered Magistrate Judge Heffley's reasoning, this Court agrees with the analysis provided and finds no reason to grant the petition to stay the matter. Therefore, said petition is denied.

Upon a thorough and independent review of the administrative record and all the court filings, this Court overrules Petitioner's objections and, for the reasons set forth below, approves and adopts the *Report and Recommendation* submitted by Magistrate Judge Heffley.

**BACKGROUND**

The factual background and procedural history are set forth in the R&R and will not be extensively repeated except to note the following events:

> On December 20, 2004, a state court jury found Petitioner guilty of first-degree murder and criminal conspiracy. Petitioner filed a timely direct appeal and, on October 4, 2006, the Pennsylvania Superior Court affirmed the judgment of conviction. *Commonwealth v. Flewellen*, 913 A.2d 940 (Pa. Super. 2006). On March 26, 2007, the Pennsylvania Supreme Court denied review. *Commonwealth v. Flewellen*, 919 A.2d 955 (Pa. 2007).
>
> On October 9, 2007, Petitioner filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §9541, *et seq*. Thereafter, a PCRA counsel was appointed and counsel filed an amended petition. Following an evidentiary hearing, on February 18, 2009, the PCRA court denied the PCRA petition. Petitioner filed a timely appeal and on December 2, 2009, the Pennsylvania Superior Court affirmed the order denying post-conviction relief. *Commonwealth v. Flewellen*, 990 A.2d 42 (Pa. Super. 2009). On April 6, 2010, the Pennsylvania Supreme Court denied review. *Commonwealth v. Flewellen*, 992 A.2d 123 (Pa. 2010). On December 2, 2010, Petitioner filed what was eventually deemed an untimely second PCRA petition by the Pennsylvania courts.

On December 11, 2013, nearly three years after the expiration of the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d)(1), Petitioner filed the instant federal *habeas corpus* petition challenging his state court conviction. In his objections to the R&R, Petitioner reasserts the same arguments made in his petition for a writ of *habeas corpus, to wit,* that: (1) he is entitled to equitable tolling for the time during which his second PCRA petition was pending in the state courts because it was filed on the erroneous advice of Petitioner's appeal counsel, and for the time during which Petitioner was housed in a restricted housing unit and unable to gain the legal knowledge needed

to prepare and file his underlying *habeas* petition; and (2) new evidence demonstrates his actual innocence.

**LEGAL STANDARD**

Where objections to an R&R are filed, the court must conduct a *de novo* review of the contested portions of the R&R, *see Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 607 (3d Cir. 1984). In making its *de novo* review, this Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. §636(b)(1). Although the review is *de novo*, the statue permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7.

**DISCUSSION**

In her R&R, Magistrate Judge Heffley recommends that Petitioner's *habeas* petition be denied without an evidentiary hearing, and that no certificate of appealability be issued. Magistrate Judge Heffley's recommendation is premised upon a finding that Petitioner failed to file his underlying *habeas* petition within the applicable one-year statute of limitations and, further, has failed to establish the requirements for equitable tolling or actual innocence. In his timely objections, Petitioner concedes that his *habeas* petition was filed beyond the one-year statute of limitations but disputes the Magistrate Judge Heffley's findings with respect to the application of equitable tolling and his claim of actual innocence.

*Equitable Tolling*

It is uncontested that Petitioner's *habeas* petition was filed after expiration of AEDPA's one-year statute of limitations. As stated, Petitioner concedes this fact. As Petitioner correctly

argues, however, the one-year statute of limitations for filing a federal *habeas corpus* petition can be subject to equitable tolling. *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002). Nonetheless, "courts should be sparing in their use of [equitable tolling]." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). As such, under controlling precedent, equitable tolling can only be invoked if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Ross v. Varano*, 712 F.3d 74, 798 (3d Cir. 2013). The Third Circuit Court of Appeals has determined that extraordinary circumstances exist only when one of the three following circumstances has been shown:

1. The state has actively misled the petitioner; or

2. The petitioner has in some extraordinary way been prevented from asserting his rights; or

3. The petitioner has timely asserted his rights but in a wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). Here, Magistrate Judge Heffley determined that Petitioner failed to make any of these showings. This Court agrees.

To trigger equitable tolling, Petitioner points to (1) his PCRA counsel's alleged erroneous advice to file a second PCRA petition, after his first PCRA petition was denied, rather than filing a federal *habeas corpus* petition; and (2) his inability to obtain the requisite legal knowledge to prepare and file a federal petition due to his incarceration in a restrictive housing unit.[2] Petitioner argues that he is entitled to equitable tolling for: (a) the time he spent pursuing what was ultimately his untimely second PCRA petition; and (b) the time it took him to obtain the legal knowledge necessary to prepare his *habeas* petition. As found by Magistrate Judge

---

[2] Petitioner does not argue that the state actively misled him or that he timely asserted his rights but in a wrong forum.

Heffley, Petitioner's reliance on what allegedly amounted to the erroneous advice of his appeal counsel and his own ignorance of the law, does not constitute the extraordinary circumstances necessary to entitle a petitioner to equitable tolling.

As to these arguments, the Third Circuit has repeatedly found that in non-capital cases, like this one, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. *See e.g., Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal *habeas corpus* petition did not warrant equitable tolling); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (holding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Thus, under the controlling law, Petitioner's reliance on his counsel's alleged erroneous advice is insufficient to trigger equitable tolling. It is equally well-settled that a prisoner's lack of knowledge in the law with respect to *habeas* requirements does not constitute extraordinary circumstances to trigger equitable tolling. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (holding that prisoner's "misunderstanding of the exhaustion requirement [for federal *habeas* claims] is insufficient to excuse his failure to comply with the statute of limitations."). Accordingly, Petitioner's purported ignorance of the *habeas* law is insufficient to invoke equitable tolling.

In addition and as noted by Magistrate Judge Heffley, in determining whether extraordinary circumstances exist, the district court must examine the petitioner's due diligence in pursuing the matter under the specific circumstances he faced. *See Schlueter*, 384 F.3d at 77-

78. A petitioner must show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely. *Id.*

Here, Magistrate Judge Heffley found that the record shows that Petitioner failed to exercise reasonable diligence in pursuing his *habeas* petition. Even after the state appellate courts determined that his second PCRA petition was itself untimely, Petitioner waited another eight (8) months before seeking relief in federal court. As correctly observed in the R&R, both the Supreme Court and the Third Circuit have held that delays of this length of time evidence a lack of reasonable diligence such that equitable tolling would be inappropriate. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (holding that a petitioner's delay "for five more months after his PCRA proceedings became final before deciding to seek relief in federal court . . . precludes equity's operation."); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (holding that a delay of over eight months between dismissal of state post-conviction relief action and federal *habeas* petition was incompatible with a showing of reasonable diligence required for equitable tolling.).

Petitioner argues that he *did* exercise reasonable diligence by availing himself of the prison law library twice a week but was unable to understand the applicable law with respect to his federal *habeas* petition. As Magistrate Judge Heffley found, this argument too is unavailing in light of Petitioner's ability during that same time of incarceration to prepare and prosecute his second PCRA petition, *albeit,* untimely. Moreover, as stated above, one's inability to understand the law does not constitute the extraordinary circumstances required to trigger equitable tolling. Petitioner's argument that he was prevented from learning the applicable law and/or preparing a timely federal *habeas* petition because he was placed in a restrictive housing unit is also without merit. *See Adams v. Palackovich*, 2007 WL 1650677, at *3 (E.D. Pa. June 4, 2007); *United*

6

*States v. Johnson*, 2005 WL 3179985, at *1 (M.D. Pa. Nov. 29, 2005). Again, Petitioner's filing and prosecution of his second untimely PCRA petition demonstrates that his alleged lack of legal knowledge and restricted confinement did not constitute an extraordinary circumstance and/or prevent him from filing a *habeas* petition.

Under the established case law, these delays evidence a lack of reasonable diligence on Petitioner's part. Because the circumstances described above did not cause the underlying petition to be untimely, Petitioner cannot be found to have been prevented in an extraordinary way from asserting his rights. Accordingly, this Court agrees with Magistrate Judge Heffley and finds that Petitioner did not exercise reasonable diligence in bringing his federal *habeas* claims. Petitioner is, therefore, not entitled to equitable tolling of the statute of limitations.

### *Actual Innocence*

In his objections to the R&R, Petitioner also argues that Magistrate Judge Heffley incorrectly applied the law with regard to his claim of actual innocence. In *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924 (2013), the Supreme Court held that a credible claim of actual innocence may overcome AEDPA's statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare." *Id.* at 1928. Thus, to invoke the actual innocence exception, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This Court agrees with Magistrate Judge Heffley's conclusion that Petitioner has not met this demanding standard.

Petitioner bases his actual innocence claim on purported new evidence that refutes the testimony of an eyewitness, Amin Atkins, *i.e.*, that Mr. Atkins attended school with Petitioner.[3] While Mr. Atkins testified at trial that he went to school with Petitioner, (the fact Petitioner contends is not true and on which he bases the claim of innocence), Mr. Atkins witnessed the crime and identified Petitioner as one of the shooters. Though Petitioner's purported new evidence may have served to impeach Mr. Atkins' credibility, it does not, however, constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316); *see also Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the [witness's] account."); *Hussman v. Vaughn*, 67 F. App'x 667, 668-69 (3d Cir. 2003) (holding that actual innocence was not established where two new affidavits would merely impeach the credibility of a Commonwealth witness). Because the "new" evidence on which Petitioner relies, at most, impeaches the credibility of one of the Commonwealth's eyewitnesses, it falls well short of that required to demonstrate actual innocence.

**CONCLUSION**

For the reasons stated herein, Petitioner's objections to Magistrate Judge Heffley's Report and Recommendation are overruled, the Report and Recommendation is approved and

---

[3] In his objections, Petitioner refers to and questions various other testimony and evidence presented against him at trial. The only evidence described as "new," and/or not presented to the jury, however, is that pertaining to Mr. Atkins' testimony regarding attending school with Petitioner. To invoke the actual innocence exception, a petitioner must present new evidence. *McQuiggin*, 133 S.Ct. at 1928. For this reason, Magistrate Judge Heffley correctly considered only the "new" purported evidence when considering the actual innocence exception.

adopted, and Petitioner's petition for a writ of *habeas corpus* is denied. In addition, because reasonable jurists would not debate this Court's procedural disposition of Petitioner's claims, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, J.